IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONRAD BLEASE : 
    Plaintiff, : 
                                         CIVIL ACTION
                                         NO. 18-3893
    v. : 

GEICO CASUALTY CO. : 
    Defendant. : 

## MEMORANDUM

**Jones, II  J.**                                                                                    April 2, 2019

### I. INTRODUCTION

This action arises from an insurance policy dispute between Plaintiff Conrad Blease and Defendant GEICO Casualty Company, regarding a motor vehicle accident involving Plaintiff and his wife.  In his First Amended Complaint, Plaintiff alleges, *inter alia*, Breach of Contract (Count I), Negligent Infliction of Emotional Distress (Count II), Loss of Consortium (Count III), and Bad Faith (Count IV). Defendant has filed the instant Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss the claims as set out in Counts II, III, and IV, respectively. Plaintiff has filed a Response thereto.[1]  For the reasons set forth below, Defendant's Motion shall be granted in part and denied in part.

---

[1] Plaintiff incorrectly titles his opposition to Defendant's Motion as "Motion of Plaintiff Conrad R. Blease, to Preserve Plaintiff's First Amended Complaint."  (ECF No. 10.)  Local Rule 7.1(c) requires that "any party opposing [a] motion shall serve a brief in opposition together with such answer or other response that may be appropriate[.]"  Plaintiff has not supplied this Court with a brief.  Instead, he filed a document with forty-four (44) numbered paragraphs.  For the sake of clarity, this Court shall cite to this document via its ECF number.

## II. BACKGROUND

On June 17, 2016, Plaintiff and his wife were involved in an automobile collision in which another uninsured driver rear-ended the back of Plaintiff's vehicle while it was at rest (First Am. Compl. ¶¶ 5, 11.) As a result of the collision, Plaintiff alleges physical, emotional, and economic injuries, which required subsequent medical attention and prohibited him from returning to full-time employment as a pilot car driver and part-time employment as an attorney. (First Am. Compl. ¶ 9.) Plaintiff also claims that his wife was injured and receives ongoing occupational and physical therapy. (First Am. Compl. ¶ 8.)

At the time of the incident, Plaintiff was insured by GEICO Casualty Company through a policy which is alleged to have included uninsured motorist coverage in the amount of $300,000. (First Am. Compl. ¶ 12.) Plaintiff brings the instant suit against Defendant, claiming it has "breached their duty by failing to negotiate or offer adequate compensation" for the various damages alleged in connection with the automobile accident. (First Am. Compl. ¶¶ 12–16.)

## III. STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion, courts must "evaluate[] the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (quoting *Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When dismissing a complaint, the decision to grant or deny a motion for leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). A district court may deny leave to amend following a finding of "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed, prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). Amendments to a Complaint may be made as a matter of course, but only if the amendment occurs within: "21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1).

Inasmuch as the conditions for amendment as a matter of course are absent here, amendment is only permitted by leave of court or with the written consent of the opposing party and must be freely granted "when justice so requires." FED. R. CIV. P. 15(a)(2).

## IV. DISCUSSION

### A. Negligent Infliction of Emotional Distress

In Count II of Plaintiff's First Amended Complaint, he alleges a claim of negligent infliction of emotional distress (NIED). Plaintiff has also included allegations of emotional distress in Count I of his Amended Complaint, as part of his breach of contract claim. The separate cause of action for NIED against Defendant as contained in Count II of the First

3

Amended Complaint is based upon the tortious conduct of a third party, as opposed to Defendant.[2]

To state a cause of action for NIED, a plaintiff must demonstrate that he is a "foreseeable plaintiff and that [he] suffered a physical injury as a result of the defendant's negligence." *Toney v. Chester County Hosp.*, 961 A.2d 192, 199 (Pa. Super. 2008) (citing *Armstrong v. Paoli Memorial Hospital*, 633 A.2d 605, 615 (Pa. Super. 1993)). However, separate claims sounding in tort are not appropriate when the underlying dispute involves a contract between an insurer and insured. *See Oehlmann v. Metro. Life Ins. Co*., 644 F. Supp. 2d 521, 534 (M.D. Pa. 2007) (rejecting Plaintiff's NIED claim because "[a]ny legal duties owed to Plaintiff arise from the parties' relationship of Insurer and Beneficiary, and this relationship is governed by the insurance policy—a contract.").[3]

Instantly, Plaintiff fails to illustrate any negligent conduct on the part of Defendant as a cause for his alleged emotional distress, nor does it appear he can, given the purely contractual nature of the instant dispute. Instead, Plaintiff alleges he "suffers difficulty sleeping, nightmares, anxiety and headaches" as a result of: being in the accident; being within the "zone of danger[;]" "witness[ing] his wife's injuries occur[;]" and, "suffers distress" in witnessing his wife continue to suffer. (First Am. Compl. ¶¶ 17-21.)[4]

---

[2] In response to the instant Motion, Plaintiff argues he "is not attempting to claim Negligent Infliction of emotional distress [sic] in order to collect damages both as breach of contract and as a tort as a duplicate claim." (ECF No. 10 at 5, ¶ 31.) However, Plaintiff's First Amended Complaint reads otherwise.

[3] Plaintiff concedes that his claim for NIED arises not from tort, but rather from contract: specifically, from Defendant's "responsibility to insure Plaintiff against the negligence and incurred damages of third party." (ECF No. 10 at 5, ¶ 31.)

[4] Defendant incorrectly characterizes Count II of Plaintiff's First Amended Complaint to this Court. In particular, Defendant states "[I]n his First Amended Complaint, Plaintiff has not alleged that he suffers any emotional distress as a result of witnessing his wife sustain injury in

Thus, Plaintiff's NIED against Defendant is dismissed with prejudice, as any further attempt to amend this claim would be futile.

### B. Loss of Consortium

In support of his claim for loss of consortium, Plaintiff furnishes factual allegations amounting to a single sentence: he has "not had the benefits of a wife due to her injuries suffered during the accident." (First Am. Compl. ¶ 17.) In Pennsylvania, a claim for loss of consortium is derivative (*i.e.*, dependent on the success of an underlying claim asserted by the injured spouse). *See Pahle v. Colebrookdale Tp.*, 227 F. Supp. 2d 361, 375 (E.D. Pa. 2002) (citing *Kryeski v. Schott Glass Technologies, Inc.*, 626 A.2d 595 (Pa. Super. 1993)). Plaintiff concedes that loss of consortium is not cognizable as a stand-alone claim. (ECF No. 10 at 6.) Therefore, Count III shall be dismissed with prejudice.

### C. Bad Faith

Plaintiff further alleges Defendant acted in bad faith in connection with his insurance settlement offer, thereby violating 42 PA. CONS. STAT. § 8371. (First Am. Compl. ¶¶ 18-45.) Pennsylvania statutory law entitles insured persons to recover punitive damages, interest, attorney's fees, and court costs when an insurer acts in bad faith in investigating a claim. 42 PA. CONS. STAT. § 8371 (1990).

When alleging a claim of statutory bad faith claim under 42 PA. CONS. STAT. § 8371, a plaintiff must demonstrate by "clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir.

---

the motor vehicle accident in question." (Def.'s Mot. Dismiss ¶ 29.) This is simply not an accurate assessment of Paragraphs 17 through 21 of Plaintiff's First Amended Complaint.

5

1997) (citing *Terletsky v. Prudential Prop. & Cas. Ins.*, 649 A.2d 680, 688 (Pa. Super. 1999)). Bad faith denotes a "frivolous or unfounded refusal to pay proceeds of a policy . . . "which imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing) through some motive of self-interest or ill will[.]" *Jurinko v. Medical Protective Co.*, 305 F. App'x 13, 20 (3d Cir. 2008) (citing *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)). "[M]ere negligence or bad judgment" are insufficient; however, a showing of reckless disregard will suffice to establish bad faith. *3039 B St. Assocs. v. Lexington Ins. Co.*, 740 F. Supp. 2d 671, 677 (E.D. Pa. 2010) (quoting *Terletsky*, 649 A.2d at 688) (internal quotation marks omitted).

This Court remains mindful that "[allegations that Insurer] failed 'to properly investigate and evaluate plaintiff's [insurance] claim' and that 'defendant knew or recklessly disregarded the fact that it had no reasonable basis for its above conduct' are conclusory statements and recitations of the elements of the claim that need not be accepted as true." *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 14-cv-7367, 2015 U.S. Dist. LEXIS 30339, at *6 (E.D. Pa. Mar. 11, 2015). Instead, the party bringing the bad faith claim "must 'describe who, what, where, when, and how the alleged bad faith conduct occurred.'" *Mittman v. Nationwide Affinity Ins. Co.*, No. 16-04658, 2017 U.S. Dist. LEXIS 54220, at *9 (E.D. Pa. Apr. 10, 2017) (quoting *Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 U.S. Dist. LEXIS 86258, at *12 (E.D. Pa. June 24, 2014)). In the absence of evidence of a dishonest purpose, it is not bad faith for an insurer to investigate and protect its interests during litigation. *See Jung v. Nationwide Mut. Fire Ins. Co.*, 949 F. Supp. 353, 361 (E.D. Pa. 1997) (finding Insurer "had a reasonable basis to investigate and deny the claim.").

Defendant herein argues that Plaintiff's claim for bad faith rests solely "on his subjective contention that [Defendant] did not assess the value of his injuries in an amount which he believes is fair and sufficient." (ECF No. 9 at 8.) However, contrary to Defendant's contention, Plaintiff alleges much more than mere dissatisfaction with the amount. Indeed, Plaintiff alleges various other violations of the Pennsylvania Unfair Insurance Practices Act, which constitute a plausible claim of bad faith. For example, Plaintiff avers that Defendant unduly delayed the investigative insurance process, which is aptly illustrated by his allegations that: Defendant became aware of Plaintiff's claim "nearly immediately" after the accident; Defendant failed to conduct a Statement Under Oath until January 5, 2018—nearly 18 months after the accident; Defendant did not perform an Independent Medical Evaluation for the case until May 9, 2018—nearly 23 months after the accident; and, Defendant did not make a first claim offer until two years and nine months after the accident. (First Am. Compl. ¶¶ 23-28.) With that said, the statutory violation would not be found in the delay *per se*, but rather in Defendant's alleged failure to send any periodic, statutorily mandated communications, in writing, explaining such delay, and informing Plaintiff of when a decision on the claim might be expected, in violation of 31 PA. CONS. STAT. § 146.6.[5] Beyond the alleged delay in the investigation of the disputed claim, Plaintiff further pleads Defendant's complete failure to provide the required written notices in connection with Defendant's acceptance (or denial) of the disputed insurance claim until 17 months after the

---

[5] Section 146.6 sets forth appropriate standards for prompt investigations of insurance claims, providing that "[e]very insurer shall complete investigation of a claim within 30 days after notification of claim, unless the investigation cannot reasonably be completed within the time. If the investigation cannot be completed within 30 days, and every 45 days thereafter, the insurer shall provide the claimant with a reasonable written explanation for the delay and state when a decision on the claim may be expected." 31 PA. CONS. STAT. § 146.6.

7

accident, in violation of 31 PA. CONS. STAT. § 146.7(c)(1).[6] (First Am. Compl. ¶¶ 34-35, 39-43). The consistent lack of timely notices, if ultimately proven true, would be relevant in determining the nature of Defendant's dealings with Plaintiff, particularly so when considering Plaintiff's averment that he did not receive a settlement offer until two years and nine days after the claimed accident, and for $285,000.00 below policy limits. (First Am. Compl. ¶¶ 12, 31.)

This Court further notes that a plaintiff seeking damages for an insurer's bad faith conduct under 42 PA. CONS. STAT. § 8371 may attempt to prove bad faith by demonstrating that the insurer has violated one or more provisions of related Pennsylvania insurance statutes or regulations, even if they do not independently provide for private causes of action. *See Berg v. Nationwide Mut. Ins. Co.*, 44 A.3d 1164, 1174 (Pa. Super. 2012). Defendant herein overtly fails to address any of the statutory violations alleged against it by Plaintiff. Instead, Defendant argues that Plaintiff's bad faith claim "essentially rests on the allegation that GEICO failed to agree with his evaluation of his own claim and to offer payment he deemed sufficient at the time he deemed such payment should be forthcoming." (Def.'s Br. Supp. Mot. Dismiss 8.) Defendant's contention is unfounded. Again—as it did with regard to Plaintiff's NIED claim—Defendant misrepresents the nature and extent of Plaintiff's pleadings to this Court. This Court finds that the

---

[6] 31 PA. CONS. STAT. § 146.7(c)(1) sets forth standards for prompt, fair, and equitable settlements applicable to insurers: "If the insurer needs more time to determine whether a first-party claim should be accepted or denied, it shall so notify the first-party claimant within 15 working days after receipt of the proofs of loss giving the reasons more time is needed. If the investigation remains incomplete, the insurer shall, 30 days from the date of the initial notification and every 45 days thereafter, send to the claimant a letter setting forth the reasons additional time is needed for investigation and state when a decision on the claim may be expected." 31 PA. CONS. STAT. § 146.7(c)(1).

extended duration, coupled with the alleged statutory violations, speak to a plausible "reckless disregard" by Defendant as to its duties relating to good faith and fair dealing. *See Jurinko*, 305 F. App'x at 20. Accordingly, Defendant's Motion as to Count IV shall be denied.

## V. CONCLUSION

For the reasons set forth hereinabove, Defendant's Motion to Dismiss Plaintiff's claims for negligent infliction of emotional distress and loss of consortium—as set out in Counts II and III, respectively—is granted and the same shall be dismissed with prejudice. Defendant's Motion to Dismiss Plaintiff's bad faith claim, as contained in Count IV of his Amended Complaint, shall be denied.

An appropriate Order follows.

BY THE COURT:

/s / C. Darnell Jones, II   J.